## 56101. LAMNECK v. PEACE OFFICERS ANNUITY & BENEFIT FUND et al.

SHULMAN, Judge.

Appellant was retired on disability from the Fulton County Sheriff's Department in 1970 following two heart attacks which were not job-related. He was then a regular dues-paying member of the appellee fund. Because he did not have enough time in service, appellant was not eligible for fund retirement benefits. There was at that time no provision for disability benefits for non-job-related disabilities. In 1976, appellant requested and received a refund of 95% of his payments to the fund. He subsequently tendered the money back to the fund and requested disability benefits, claiming that an amendment to the fund's enabling legislation made the non-job-related disability benefits introduced by the amendment retroactive. When the fund refused him a hearing on the question of his entitlement to disability payments, he brought this action in the superior court. This appeal is from a judgment of the superior court adverse to appellant.

Appellant contends that the language of subsection (q) of Code Ann. § 78-911 supports his claim of retroactivity. We find no merit in appellant's position.

Code Ann. § 78-911 is clear and unambiguous. It provides for disability benefits for members of the fund and for procedures for claims, hearings and determinations. In subsection (q) the statute provides that the *amount* of the disability payments for those who retired on disability from the fund prior to the amendment shall be the same as those who retire on disability after the amendment. There is no language in the subsection supporting appellant's contention that the eligibility *requirements* entitling members to disability retirement were changed retroactively.

Appellant never qualified for fund retirement

benefits because he had not accumulated enough years of service for straight retirement at the onset of his disability and there was then no provision for disability benefits for non-job-related disability. The provisions of subsection (q) refer only to those who have retired on disability; appellant is not within that class. Code Ann. § 78-911 makes no provision for appellant.

In view of our holding that appellant had no legal entitlement to disability retirement benefits from the fund, it is not necessary that we consider appellant's remaining enumerations of error concerning the fund's refusal to conduct hearings on the question of disability.

*Judgment affirmed. Bell, C. J., and Birdsong, J., concur.*

ARGUED JUNE 26, 1978 — DECIDED OCTOBER 2, 1978.

*Webb, Young, Daniel & Murphy, Thomas L. Murphy,* for appellant.

*Seay, Sims & Park, Clifford Seay,* for appellees.